**Barbara Ellen Hunt CROSIER, Appellant,**

v.

**John Fred HUNT, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

Lawrence R. Webster, Pikeville, for appellant.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, for appellee.

STERNBERG, Justice.

On May 26, 1973, the judge of the Pike Circuit Court entered an order awarding to appellee the care, custody and control of the parties' infant son, John Fred Hunt, II, who was born on September 4, 1967. No appeal was taken from that order. On February 11, 1974, the appellant filed in the Pike Circuit Court a "Motion to Redocket and Motion to Modify Previous Custody Order." After traversing the allegations of the motion, appellee called the court's attention to KRS 403.340. The court, however, permitted the motion to be

filed and caused an inquiry to be made into the custodial arrangements for the infant, and appellee's objection to the filing of the motion was overruled. On May 1, 1974, appellant's motion was heard by the court, after which it found that the infant's environment was not endangering his physical, mental, moral or emotional health. Thereupon, the court overruled appellant's motion to change the custody. The record reflects that the trial judge was most patient and liberal in permitting extensive testimony relative to the welfare of the child (KRS 403.270), rather than limiting the evidence to the infant's present environment (KRS 403.340).

It will serve no useful purpose to recite the evidence. Suffice it is to say that the judge of the Pike Circuit Court heard the testimony, witnessed the demeanor of the witnesses, and determined that the custodial arrangement should not be changed. With this ruling of the court, we agree.

In appellant's brief, complaint is made that the trial judge did not grant appellant her relief under CR 60.02. No motion was ever made for such relief. Appellant sought relief pursuant to KRS 403.-340; however, in a memorandum filed in support of the motion, appellant argues for relief pursuant to CR 60.02. Although the trial judge considered the proceeding before him as one authorized by KRS 403.-340(1), there is nothing in the record to show whether the court considered the efficacy of CR 60.02 in arriving at his judgment. This court, however, has carefully considered the transcript of testimony and the record and finds that there is not a fragment of proof whereby appellant would be entitled to relief under CR 60.02.

Appellant contends that the circuit judge erred as a matter of law in not making the transcript of the record of a criminal trial in which appellant was charged and acquitted a part of the record in this case, and further erred in not considering the record and the judgment in the criminal case in arriving at his decision in the present case.

In Shatz v. American Surety Company of New York, Ky., 295 S.W.2d 809, we held that a judgment of acquittal was incompetent and inadmissible in a civil action involving the same facts.

The judgment is affirmed.

REED, C. J., and PALMORE, JONES, LUKOWSKY, STERNBERG and CLAYTON, JJ., sitting.

All concur.